UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAY BARRINGER,                        )
                                      )
      Plaintiff,                      )
                                      )
      v.                              )    Civil Action No. 22-1387 (RBW)
                                      )
                                      )
UNITED STATES EXECUTIVE OFFICE        )
FOR UNITED STATES ATTORNEYS,          )
                                      )
      Defendant.                      )
                                      )

**MEMORANDUM OPINION**

This matter brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2016), is before the Court on the defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the ground that this case is moot.[1]  For the following reasons, the motion is granted.

The plaintiff, a Florida state prisoner, filed a mandamus petition in the D.C. Circuit, which transferred the case to this district court pursuant to 28 U.S.C. § 1631.  *See* Order, No. 21-5209 (D.C. Cir. Mar. 4, 2022) (per curiam), ECF No. 10.  In the petition captioned "Common Law Writ" the plaintiff sought to compel the United States Executive Office for U.S. Attorneys ("EOUSA") to disclose records under the FOIA pertaining to his custody.  *See* Petition, ECF No. 1 at 1-3; *Barringer v. Sec'y, Dep't of Corr.*, No. 8:15-CV-2458-T-23TGW, 2016 WL 3667936, at *1 (M.D. Fla. July 11, 2016) ("Barringer pleaded guilty both to attempted capital sexual

---

[1] "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *see also Leonard v. U.S. Dep't of Defense*, 598 F. App'x. 9, 10 (D.C. Cir. 2015) ("Article III, Section 2 of the Constitution permits federal courts to adjudicate only actual, ongoing controversies." (quoting *Daimler Trucks N. Am. LLC v. EPA*, 745 F.3d 1212, 1216 (D.C. Cir. 2013))).

1

battery on a child under twelve and to lewd and lascivious conduct, for which he is imprisoned for twenty-five years.").

In a letter dated July 12, 2022, the EOUSA informed the plaintiff that a "search for records located in the United States Attorney's Office for the Middle District of Florida has revealed no responsive records[.]"  Motion to Dismiss and Memorandum of Law in Support, Exhibit A, ECF No. 25-1 at 33.  The plaintiff agrees that the defendant responded properly to his FOIA request and that the FOIA claim is moot.  *See* In Re: Response to Defendant[']s Motion to Dismiss and Proposed Order ("Pl.'s Resp."), ECF No. 27 at 1 ("Plaintiff concedes [the] mandamus portion should be dismissed as moot: Due to recieving [sic] [ ] Final response of foia from Defendant [or] Granted in part due to no records to support.") (quotation mark omitted)).

In his response, however, the plaintiff claims for the first time that he "is being held in prison under a criminal case which is no longer valid, and/or pardoned, expunged or vacated and/or satisfied" and that this Court should order his immediate release from Florida's custody.  Pl.'s Resp. at 2; *see also* Response to Court Order, ECF No. 28 at 1 ("Plaintiff as well as Defendant concedes, that plaintiff should be released from custody, because he is being held in a [F]lorida correctional institution under a null and void state criminal case.").  In addition to the "well-established principle of law in this Circuit that a plaintiff may not amend [his] complaint by making new allegations in [the] opposition brief[,]" *Budik v. Ashley*, 36 F. Supp. 3d 132, 144 (D.D.C. 2014) (Walton, J.) (citing *Larson v. Northrop Corp.*, 21 F.3d 1164, 1173–74 (D.C. Cir. 1994)), the Court notes that the plaintiff's new claim is the province of habeas corpus relief and therefore the proper respondent is his warden in Florida, not the defendant in this FOIA case.

*Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998).  Therefore, this FOIA action will be dismissed as moot.[2]

          /s/
Reggie B. Walton
Date:  June 15, 2023          United States District Judge

---

[2] A separate order accompanies this Memorandum Opinion.